UNCLASSIFIED / FOR OFFICIAL USE ONLY / PRIVACY ACT APPLIES

Apply appropriate classification level and any control markings (if applicable) when filled in.

## (U) SENSITIVE COMPARTMENTED INFORMATION NONDISCLOSURE AGREEMENT

An Agreement between **JACK TEIXEIRA** and the United States.

(Name – Printed or Typed)

1. (U) Intending to be legally bound, I hereby accept the obligations contained in this Agreement in consideration of my being granted access to information or material protected within Special Access Programs, hereinafter referred to in this Agreement as Sensitive Compartmented Information (SCI). I have been advised that SCI involves or derives from intelligence sources or methods and is classified or is in process of a classification determination under the standards of Executive Order 13526 or other Executive order or statute. I understand and accept that by being granted access to SCI, special confidence and trust shall be placed in me by the United States Government.

2. (U) I hereby acknowledge that I have received a security indoctrination concerning the nature and protection of SCI, including the procedures to be followed in ascertaining whether other persons to whom I contemplate disclosing this information or material have been approved for access to it, and I understand these procedures. I understand that I may be required to sign subsequent agreements upon being granted access to different categories of SCI. I further understand that all my obligations under this agreement continue to exist whether or not I am required to sign such subsequent agreements.

3. (U) I have been advised that the unauthorized disclosure, unauthorized retention, or negligent handling of SCI by me could cause irreparable injury to the United States or be used to advantage by a foreign nation. I hereby agree that I will never divulge anything marked as SCI or that I know to be SCI to anyone who is not authorized to receive it without prior written authorization from the United States Government department or agency (hereinafter Department or Agency) that last authorized my access to SCI. I understand that it is my responsibility to consult with appropriate management authorities in the Department or Agency that last authorized my access to SCI, whether or not I am still employed by or associated with that Department or Agency or a contractor thereof, in order to ensure that I know whether information or material within my knowledge or control that I have reason to believe might be, or related to or derived from SCI, is considered by such Department or Agency to be SCI. I further understand that I am also obligated by law and regulation not to disclose any classified information or material in an unauthorized fashion.

4. (U) In consideration of being granted access to SCI and of being assigned or retained in a position of special confidence and trust requiring access to SCI, I hereby agree to submit for security review by the Department or Agency that last authorized my access to such information or material, any writing or other preparation in any form, including a work of fiction, that contains or purports to contain any SCI or description of activities that produce or relate to SCI or that I have reason to believe are derived from SCI, that I contemplate disclosing to any person not authorized to have access to SCI or that I have prepared for public disclosure. I understand and agree that my obligation to submit such preparations for review applies during the course of my access to SCI and thereafter, and I agree to make any required submissions prior to discussing the preparation with, or showing it to, anyone who is not authorized to have access to SCI. I further agree that I will not disclose the contents of such preparation with, or show it to, anyone who is not authorized to have access to SCI until I have received written authorization from the Department or Agency that last authorized my access to SCI that such disclosure is permitted.

5. (U) I understand that the purpose of the review described in paragraph 4 is to give the United States a reasonable opportunity to determine whether the preparation submitted pursuant to paragraph 4 sets forth any SCI. I further understand that the Department or Agency to which I have made a submission will act upon it, coordinating within the Intelligence Community when appropriate, and make a response to me within a reasonable time, not to exceed 30 working days from date of receipt.

6. (U) I have been advised that any breach of this Agreement may result in my termination of my access to SCI and removal from a position of special confidence and trust requiring such access, as well as the termination of my employment or other relationships with any Department or Agency that provides me with access to SCI. In addition, I have been advised that any unauthorized disclosure of SCI by me may constitute violations of United States criminal laws, including provisions of Sections 793, 794, 798, and 952, Title 18, United States Code, and of Section 783(b), Title 50, United States Code. Nothing in this agreement constitutes a waiver by the United States of the right to prosecute me for any statutory violation.

7. (U) I understand that the United States Government may seek any remedy available to it to enforce this Agreement including, but not limited to, application for a court order prohibiting disclosure of information in breach of this Agreement. I have been advised that the action can be brought against me in any of the several appropriate United States District Courts where the United States Government may elect to file the action. Court costs and reasonable attorney's fees incurred by the United States Government may be assessed against me if I lose such action.

8. (U) I understand that all information to which I may obtain access by signing this Agreement is now and will remain the property of the United States Government unless and until otherwise determined by an appropriate official or final ruling of a court of law. Subject to such determination, I do not now, nor will I ever, possess any right, interest, title, or claim whatsoever to such information. I agree that I shall return all materials that may have come into my possession or for which I am responsible because of such access, upon demand by an authorized representative of the United States Government or upon the conclusion of my employment or other relationship with the United States Government entity providing me access to such materials. If I do not return such materials upon request, I understand this may be a violation of Section 793, Title 18, United States Code.

9. (U) Unless and until I am released in writing by an authorized representative of the Department or Agency that last provided me with access to SCI, I understand that all conditions and obligations imposed on me by this Agreement apply during the time I am granted access to SCI, and at all times thereafter.

10. (U) Each provision of this Agreement is severable. If a court should find any provision of this Agreement to be unenforceable, all other provisions of this Agreement shall remain in full force and effect. This Agreement concerns SCI and does not set forth such other

FORM 4414 (Rev. 12-2013)   UNCLASSIFIED / FOR OFFICIAL USE ONLY / PRIVACY ACT APPLIES   CL: ___ DECL ON: ___ DRV FROM: ___

**UNCLASSIFIED / FOR OFFICIAL USE ONLY / PRIVACY ACT APPLIES**

Apply appropriate classification level and any control markings (if applicable) when filled in.

conditions and obligations not related to SCI as may now or hereafter pertain to my employment by or assignment or relationship with the Department or Agency.

11. (U) I have read this Agreement carefully and my questions, if any, have been answered to my satisfaction. I acknowledge that the briefing officer has made available Sections 793, 794, 798 and 952 of Title 18, United States Code, and Section 783(b) of Title 50, United States Code, and Executive Order 13526, as amended, so that I may read them at this time, if I so choose.

12. (U) I hereby assign to the United States Government all rights, title and interest, and all royalties, remunerations, and emoluments that have resulted, will result, or may result from any disclosure, publication, or revelation not consistent with the terms of this Agreement.

13. (U) These provisions are consistent with and do not supersede, conflict with, or otherwise alter the employee obligations, rights, or liabilities created by existing statute or Executive order relating to (1) classified information, (2) communications to Congress, (3) the reporting to an Inspector General of a violation of any law, rule, or regulation, or mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety, or (4) any other whistleblower protection. The definitions, requirements, obligations, rights, sanctions, and liabilities created by controlling Executive orders and statutory provisions are incorporated into this agreement and are controlling.

14. (U) These restrictions are consistent with and do not supersede, conflict with or otherwise alter the employee obligations rights or liabilities created by Executive Order 13526, or any successor thereto, Section 7211 of Title 5, United States Code (governing disclosures to Congress); Section 1034 of Title 10, United States Code, as amended by the Military Whistleblower Protection Act (governing disclosures to Congress by members of the Military); Section 2302(b)(8) of Title 5, United States Code, as amended by the Whistleblower Protection Act (governing disclosure of illegality, waste, fraud, abuse or public health or safety threats); the Intelligence Identities Protection Act of 1982 (50 U.S.C. 421 et seq.) (governing disclosures that could expose confidential Government agents), sections 7(c) and 8H of the Inspector General Act of 1978 (5 U.S.C. App.) (relating to disclosures to an inspector general, the inspectors general of the Intelligence Community, and Congress); section 103H(g)(3) of the National Security Act of 1947 (50 U.S.C. 403–3h(g)(3) (relating to disclosures to the inspector general of the Intelligence Community); sections 17(d)(5) and 17(e)(3) of the CIA Act of 1949 (50 U.S.C. 403q(d)(5) and 403q(e)(3)) (relating to disclosures to the Inspector General of the Central Intelligence Agency and Congress); and the statutes which protect agent disclosure which may compromise the national security, including Section 641, 793, 794, 798, and 952 of Title 18, United States Code, and Section 4(b) of the Subversive Activities Control Act of 1950 (50 U.S.C. Section 783(b)). The definitions, requirements, obligations, rights, sanctions and liabilities created by said Executive Order and listed statutes are incorporated into this Agreement and are controlling.

15. (U) This Agreement shall be interpreted under and in conformance with the law of the United States.

16. (U) I make this Agreement without any mental reservation or purpose of evasion.

Signature: *JochFalnelre*    Date: 07/July 2021

The execution of this Agreement was witnessed by the undersigned who accepted it on behalf of the United States Government as a prior condition of access to Sensitive Compartmented Information.

WITNESS and ACCEPTANCE: [redacted]   Date: 07 July 2021

---

**SECURITY BRIEFING / DEBRIEFING ACKNOWLEDGMENT**

| SI | TK | G | HCS-P | ***** | ***** |
|---|---|---|---|---|---|
| ***** | ***** | ***** | ***** | ***** | ***** |

(Special Access Programs by Initials Only)

| SSN (See Notice Below) | Printed or Typed Name | Organization |
|---|---|---|
| | | 102 IW |

**BRIEF**   Date: 07 July 2021

I hereby acknowledge that I was briefed on the above SCI Special Access Program(s):

Signature of Individual Briefed: *JochFalnelre*

**DEBRIEF**   Date: _____

Having been reminded of my continuing obligation to comply with the terms of this Agreement, I hereby acknowledge that I was debriefed on the above SCI Special Access Program(s):

Signature of Individual Briefed: _____

[redacted] ...cordance with relevant SCI procedures.

Printed or Typed Name    Organization (Name and Address)

(U) NOTICE: The Privacy Act, 5 U.S.C. 522a, requires that federal agencies inform individuals, at the time information is solicited from them, whether the disclosure is mandatory or voluntary, by what authority such information is solicited, and what uses will be made of the information. You are hereby advised that authority for soliciting your Social Security Account Number (SSN) is Executive Order 9397, as amended. Your SSN will be used to identify you precisely when it is necessary to 1) certify that you have access to the information indicated above, 2) determine that your access to the information has terminated, or 3) certify that you have witnessed a briefing or debriefing. Although disclosure of your SSN is not mandatory, your failure to do so may impede such certifications or determinations.

FORM 4414 (Rev. 12-2013)   UNCLASSIFIED / FOR OFFICIAL USE ONLY / PRIVACY ACT APPLIES   Page 2 of 2