# DECLARATION OF COLONEL RYAN N. HOBACK
# MILITARY JUSTICE ATTORNEY
# NATIONAL GUARD BUREAU – OFFICE OF THE GENERAL COUNSEL

I, COLONEL RYAN N. HOBACK, hereby declare and state:

1. I am the Military Justice Attorney for the Directorate Judge Advocate – Air National Guard within the National Guard Bureau Office of the General Counsel and have held this position since January 2021. I am responsible for providing direct support to the 201st Mission Support Squadron Commander on Title 10 active-duty military justice issues involving members of the Air National Guard of the United States. Prior to this position, I served on Title 10 active-duty for over 10 years and in the Air National Guard for nearly 7 years, including holding the positions of Special Assistant United States Attorney, Area Defense Counsel, Senior Trial Counsel, Appellate Government Counsel, Appellate Defense Counsel, Judicial Staff Attorney, Instructor, and Staff Judge Advocate.

2. I make the following statements based upon my personal knowledge and expertise in my official capacity as the Military Justice Attorney to the Air Force commander with Administrative Control over the defendant, Airman First Class Jack Teixeira. The defendant's alleged misconduct occurred while he was on Title 10 active-duty orders assigned to the 201st Mission Support Squadron and performing duty at the 102nd Intelligence Support Squadron, Otis Air National Guard Base, Massachusetts. Accordingly, the defendant was subject to the Uniform Code of Military Justice at the time of his alleged offenses and remains subject to potential court-martial charges for all misconduct committed at that time.

3. Military law authorizes a commander to direct inspections of persons and property under his or her command and to authorize probable cause searches and seizures of persons and property under his or her command. An Air Force commander would have no authority to direct an inspection or authorize a probable cause search and seizure of the defendant's father's home in North Dighton, Massachusetts. Accordingly, absent a freely given consent by the Defendant's father, which could be withdrawn at any time, no Air Force personnel could enter the defendant's father's home without authorization issued by a proper civilian legal authority. Moreover, pursuant to The Posse Comitatus Act, 18 U.S.C. § 1385, with limited exceptions not applicable here, federal law prevents the Army, Navy, Marine Corps, Air Force, and Space Force from assisting local law enforcement in enforcing civilian laws. Specifically, in the context of military support for civilian law enforcement agencies, 10 U.S.C. § 275 provides that members of the Air Force are prohibited from direct participation in a search, seizure, arrest, or other similar activity unless authorized by law.

4. The 201st Mission Support Squadron is physically located at the Air National Guard Readiness Center on Joint Base Andrews, Maryland. On any given day the 201st Mission Support Squadron has administrative control of approximately 4,000 to 10,000 Air National Guard members on Title 10 active-duty orders worldwide. As of 0900 Zulu on 15 May 2023, the 201st Mission Support Squadron had administrative control of 4,741 Air National Guard members on Title 10 active-duty orders worldwide. In addition to myself, the 201st Mission Support Squadron has only a Commander, Special Assistant to the Commander, Program

ATTACHMENT

D

Administrator, and three First Sergeants.  Additionally, the physical location of the 201st Mission Support Squadron at the Air National Guard Readiness Center on Joint Base Andrews, Maryland, is located approximately 425 miles away from North Dighton, Massachusetts.  This approximates to a 7-hour one-way drive in good traffic conditions.

5. The role of the First Sergeant in the Air Force is defined by Air Force Instruction 36-2113, *The First Sergeant*.  The roles and responsibilities of a First Sergeant are specifically delineated in paragraph 2.13 of the Air Force Instruction.  A First Sergeant has no role or responsibility in escorting Air Force personnel to and from work.  Similarly, in accordance with paragraph 2.13.10.1 of AFI 36-2113, a First Sergeant may conduct morale visits, room inspections, and stay attuned to quality of life needs of dorm occupants.  Dormitories and/or first term Airmen community housing are located on property under the authority of the military.  The defendant was not residing in a dorm during his time on Title 10 active-duty orders.  A civilian home in North Dighton, Massachusetts, is neither a dormitory nor first term Airmen community housing.  A First Sergeant could not freely enter and inspect a civilian home without consent.

6. The 201st Mission Support Squadron has assigned one of its First Sergeants, an experienced Senior Master Sergeant, to attend to unit needs associated with the defendant.  She resides near Joint Base Andrews, Maryland, approximately 425 miles one-way away from North Dighton, Massachusetts.  Additionally, Otis Air National Guard Base is approximately 46 miles one-way away and Hanscom Air Force Base is approximately 53 miles one-way away from North Dighton, Massachusetts.  While it is neither a role nor responsibility of a First Sergeant to escort Air Force personnel to and from work, given the geographic distance involved, escorting the defendant could not be practically accomplished.  Similarly, even though a First Sergeant could not freely enter and inspect a civilian home, were it to even be allowed, given the geographic distance involved it could not be practically accomplished in any meaningful way.  The 201st Mission Support Squadron First Sergeant understands her responsibility to conduct regular reoccurring check ins with the defendant. Given the geographic distance involved these will be conducted principally, if not entirely, telephonically.  As noted in the "Commander/First Sergeant Checklist for Airmen and Guardians Under Investigation or Involved in the Military/Civilian Criminal Justice/Legal Systems," Airman and Guardians under investigation represent an "at-risk" group for a number of negative outcomes to include suicide.  Regular reoccurring check ins are designed to mitigate the risk and are a tool to ensure the member continues to feel connected to and valued by their unit and to ensure the member is aware of helping resources and has access to them.  Such check ins are not a restriction nor are they intended to be a substitute for appropriate pretrial restraint.  While the First Sergeant may on occasion be physically present in Massachusetts when able and especially warranted, such travel requires special temporary duty travel orders, approval, and funding.

7. As stated in Department of the Air Force Instruction 51-201, *Administration of Military Justice*, an Air National Guard member's Title 10 active-duty orders cannot be administratively extended for purposes of investigation into violation of the Uniform Code of Military Justice.  The defendant is currently on Title 10 active-duty orders until 30 September 2023.  However, those orders may be curtailed at any time.  Whether those orders naturally end or are sooner curtailed, the defendant may be recalled by a General Court-Martial Convening Authority pursuant to 10 U.S.C. § 802 to face proceedings under the Uniform Code of Military

Justice, to include a court-martial.  Air Force jurisdiction to recall an Air National Guard member for violations of the Uniform Code of Military Justice continues, subject to statute of limitations considerations, so long as the member is not separated or discharged from the Air National Guard.  The defendant's current expiration term of service is 25 September 2025 and if necessary he can be administratively extended for the purpose of allowing sufficient time for conclusion of trial or investigation for a violation of the Uniform Code of Military Justice pursuant to paragraph 13.5.7.1 of Air Force Instruction 36-2606, *Reenlistment and Extension of Enlistment in the United States Air Force*.

* * *

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of May 2023.

RYAN N. HOBACK, Colonel, USAF
Military Justice Attorney