IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No.   23cr10159 |
| v. | Violations: |
| JACK DOUGLAS TEIXEIRA, | Counts One - Six: Willful Retention and Transmission of National Defense Information (18 U.S.C. § 793(e)) |
| Defendant. | |
| | Forfeiture Allegation: (18 U.S.C. §§ 981(a)(1)(C), 793(h), and 28 U.S.C. § 2461(c)) |

## INDICTMENT

At all times relevant to this Indictment:

### General Allegations

### The Defendant

1.      Defendant Jack Douglas TEIXEIRA ("TEIXEIRA") was a resident of Dighton, Massachusetts.

2.      Beginning in or about September 2019, TEIXEIRA began serving in the U.S. Air National Guard ("USANG"). As of April 2023, he was stationed at Otis USANG Base in the District of Massachusetts as a Cyber Defense Operations Journeyman. In connection with his employment, TEIXEIRA held a TOP SECRET//Sensitive Compartmented Information security clearance and had access to classified information and information relating to the national defense ("National Defense Information").

### Classified Information

3.      National security information was information owned by, produced by, produced for, and under the control of the United States government. Pursuant to Executive Order 12958 signed on April 17, 1995, as amended by Executive Order 13292 on March 25, 2003, and

Executive Order 13526 on December 29, 2009, national security information was classified as

"TOP SECRET," "SECRET," or "CONFIDENTIAL," as follows:

      a. Information was classified as TOP SECRET if the unauthorized disclosure of that information reasonably could be expected to cause exceptionally grave damage to the national security that the original classification authority was able to identify or describe.

      b. Information was classified as SECRET if the unauthorized disclosure of that information reasonably could be expected to cause serious damage to the national security that the original classification authority was able to identify or describe.

      c. Information was classified as CONFIDENTIAL if the unauthorized disclosure of that information reasonably could be expected to cause damage to the national security that the original classification authority was able to identify or describe.

4.     Classified information related to intelligence sources, methods, and analytical processes was designated as Sensitive Compartmented Information ("SCI").  SCI was to be processed, stored, used, or discussed in an accredited Sensitive Compartmented Information Facility ("SCIF"), and only individuals with the appropriate security clearance and additional SCI permissions could have authorized access to such classified national security information.

5.     Classified information, including SCI, was marked according to its classification and applicable SCI compartments, following standard formats for different types of media, including headers and footers stating the highest classification level.

6.     Pursuant to Executive Order 13526, information classified at any level could be lawfully accessed only by persons determined by an appropriate United States government official to be eligible for access to classified information, who had signed an approved non-disclosure agreement, who received a security clearance, and who had a "need to know" the classified information.  Classified information could only be stored or discussed in an approved facility.

<u>TEIXEIRA's Access to National Defense Information</u>

7.     Since in or around July 2021, TEIXEIRA held a TOP SECRET//SCI security clearance, as required for his position in the USANG.

8.     TEIXEIRA received training regarding classified information, including the definition of classified information, the levels of classification—including SCI—and the proper handling, marking, transportation, and storage of classified materials. Specifically, TEIXEIRA received training on his duty to protect classified materials, including classified National Defense Information, from unauthorized disclosure, which included complying with handling, transportation, and storage requirements. TEIXEIRA knew that unauthorized removal of classified materials and transportation and storage of those materials in unauthorized locations risked disclosure and transmission of those materials, and therefore could endanger the national security of the United States and the safety of its citizens. In particular, TEIXEIRA was advised that: the unauthorized disclosure of TOP SECRET information reasonably could be expected to cause exceptionally grave damage to the national security of the United States; the unauthorized disclosure of SECRET information reasonably could be expected to cause serious damage to the national security of the United States; and violation of the rules governing the handling of classified information, including classified National Defense Information, could result in criminal prosecution.

TEIXEIRA's Removal and Transmission of National Defense Information

9.     Because TEIXEIRA held a security clearance as part of his assignment at Otis USANG Base, the United States government entrusted TEIXEIRA with access to classified documents and information, including classified National Defense Information.

10.    Beginning no earlier than January 2022 and continuing through in or about April 2023, in the District of Massachusetts and elsewhere, TEIXEIRA improperly retained and transmitted classified National Defense Information on a particular social media platform ("the Social Media Platform").

11.    TEIXEIRA transmitted the National Defense Information on the social media platform in two ways.  First, TEIXEIRA accessed classified documents containing National Defense Information from a classified workstation at Otis USANG Base.  Thereafter, including by utilizing the messaging function on the Social Media Platform, TEIXEIRA transcribed text in those classified documents, input such text into the Social Media Platform, and transmitted the National Defense Information therein to other Social Media Platform users who were not entitled to receive it.

12.    Second, TEIXEIRA photographed and/or removed classified documents containing National Defense Information from Otis USANG Base and posted images of the documents to the Social Media Platform where they were visible to other users.  Certain of the documents TEIXEIRA photographed and posted to the Social Media Platform bore standard and conspicuous markings indicating that they contained highly classified United States government information.  These markings included SECRET, TOP SECRET, and SCI designations.  At least one of the documents containing classified National Defense Information was found in digital form in a particular account associated with TEIXEIRA.

13.     TEIXEIRA knew that the documents and information he improperly retained and transmitted contained classified National Defense Information.

14.     TEIXEIRA knew that he was not authorized to take, retain, or transmit the classified documents or classified National Defense Information to individuals not entitled to receive such documents or information.

<u>COUNTS ONE AND TWO</u>
Willful Retention and Transmission of National Defense Information
(18 U.S.C. § 793(e))

The Grand Jury charges:

15.     The Grand Jury re-alleges and incorporates by references paragraphs 1-14 of this

Indictment.

16.     On or about the dates below, in the District of Massachusetts and elsewhere, the

defendant,

JACK DOUGLAS TEIXEIRA,

having unauthorized possession of, access to, and control over information relating to the

national defense, which information TEIXEIRA had reason to believe could be used to the injury

of the United States or to the advantage of a foreign nation, willfully communicated, delivered,

and transmitted such information to a person or persons not entitled to receive it and willfully

retained the same and failed to deliver it to the officer or employee of the United States entitled

to receive it, to wit: as indicated in the below chart, TEIXEIRA retained and transmitted the

following classified National Defense Information:

| Count | Date | Classification Level | Description of Information |
|---|---|---|---|
| 1 | Nov. 2022 to April 2023 | TS//SCI | Information regarding the compromise by a foreign adversary of certain accounts belonging to a U.S. company. |
| 2 | Jan. 2023 to April 2023 | SECRET | Information regarding the provision of equipment to Ukraine, how the equipment would be transferred, and how the equipment would be used upon receipt |

All in violation of Title 18, United States Code, Section 793(e).

COUNTS THREE THROUGH SIX
Willful Retention and Transmission of National Defense Information
(18 U.S.C. § 793(e))

The Grand Jury further charges:

17.     The Grand Jury re-alleges and incorporates by references paragraphs 1-14 of this

Indictment

18.     On or about the dates below, in the District of Massachusetts and elsewhere, the

defendant,

JACK DOUGLAS TEIXEIRA,

having unauthorized possession of, access to, and control over documents relating to the national

defense, willfully communicated, delivered, and transmitted such documents to a person or

persons not entitled to receive them and willfully retained the same and failed to deliver them to

the officer or employee of the United States entitled to receive them, to wit: as indicated in the

below chart, TEIXEIRA retained and transmitted the following classified National Defense

Information:

| Count | Date | Classification Level | Document Description |
|-------|------|---------------------|----------------------|
| 3 | Feb. 2023 to April 2023 | TS//SCI | A Government Document that describes the status of the Russia-Ukraine conflict to include troop movements on a particular date, which Government Document is based on sensitive U.S. intelligence, gathered through classified sources and methods and reveals United States national defense information |
| 4 | March 2023 to April 2023 | TS//SCI | A Government Document discussing a plot by a foreign adversary to target United States forces abroad and which discusses, in part, where and how the attack on United States forces would occur |
| 5 | March 2023 to April 2023 | TS//SCI | A Government Document that describes Western deliveries of supplies to the Ukrainian battlefield, including foreign perceptions of the deliveries |

| 6 | Jan. 2023 to April 2023 | TS//SCI | A Government Document that describes a shift in foreign and economic policy of a particular foreign government and actions that country took in an effort to repair its relationship with the United States, to the perceived detriment of a separate foreign country |

All in violation of Title 18, United States Code, Section 793(e).

FORFEITURE ALLEGATION
(18 U.S.C. §§ 981(a)(1)(C), 793(h), and 28 U.S.C. § 2461(c))

1.      Upon conviction of one or more of the offenses in violation of Title 18, United

States Code, Section 793(e), set forth in Counts One through Six, the defendant,

JACK DOUGLAS TEIXEIRA,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal,

which constitutes or is derived from proceeds traceable to the offenses, and, pursuant to Title 18

United States Code, Section 793(h), any property which constitutes or is derived from any

proceeds obtained, directly or indirectly, from any foreign government, or any faction or party or

military or naval force within a foreign country, whether recognized or unrecognized by the

United States, as the result of such offenses.

2.      If any of the property described in the paragraph above, as being forfeitable

pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 793(h), and Title 28, United

States Code, Section 2461(c) as a result of any act or omission of the defendant:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with a third party;

   c.  has been placed beyond the jurisdiction of the Court;

   d.  has been substantially diminished in value; or

   e.  has been commingled with other property which cannot be divided without
    difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p),

as incorporated by both Title 28, United States Code, Section 2461(c), and Title 18, United

States Code, Section 793(h)(3), to seek forfeiture of any other property of the defendant up to the

value of the property described in the paragraph above.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 793(h), and Title

28, United States Code, Section 2461(c).

A TRUE BILL

_____
Foreperson

NADINE PELLEGRINI
JARED C. DOLAN
JASON A. CASEY
Assistant United States Attorneys
District of Massachusetts

CHRISTINA A. CLARK
Trial Attorney
National Security Division
United States Department of Justice

District of Massachusetts: June 15, 2023
Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK   12:06 pm