UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

UNITED STATES OF AMERICA,

                    Plaintiff,        Criminal Action
                                      No. 23-10159-IT
v.
                                      June 21, 2023
JACK DOUGLAS TEIXEIRA,                3:47 p.m.

                    Defendant.
_____



TRANSCRIPT OF AUDIO RECORDING OF ARRAIGNMENT

BEFORE MAGISTRATE JUDGE DAVID H. HENNESSY

UNITED STATES DISTRICT COURT

HAROLD D. DONOHUE FEDERAL BUILDING AND U.S. COURTHOUSE

525 MAIN STREET

WORCESTER, MA   01608

DEBRA M. JOYCE, RMR, CRR, FCRR
Official Court Reporter
John J. Moakley U.S. Courthouse
1 Courthouse Way, Room 5204
Boston, MA  02210
joycedebra@gmail.com

1    APPEARANCES:

2    FOR THE GOVERNMENT:

3    JARED C. DOLAN, ESQ.
     United States Attorney's Office MA
4    1 Courthouse Way
     Suite 9200
5    Boston, MA 02210
     617-748-3220
6    jared.dolan@usdoj.gov

7    FOR THE DEFENDANT:

8    BRENDAN O. KELLEY, ESQ.
     GENE ALLEN FRANCO, ESQ.
9    Federal Defenders Office
     51 Sleeper Street, 5th Floor
10   Boston, MA 02210
     617-223-8061
11   brendan_kelley@fd.org
     allen_franco@fd.org
12
     MICHAEL K. BACHRACH, ESQ.
13   Law Office of Michael K. Bachrach
     224 West 30th Street, Suite 302
14   New York, NY 10001
     212-929-0592
15   michael@mbachlaw.com

16

17

18

19

20

21

22

23

24

25

P R O C E E D I N G S

1
2          (The following proceedings were held in open
3    court before Magistrate Judge David H. Hennessy, United States
4    District Court, District of Massachusetts, at the Harold D.
5    Donohue Federal Building and U.S. Courthouse, 525 Main Street,
6    Worcester, Massachusetts, on June 21, 2023.
7          The defendant, Jack Douglas Teixeira, is present with
8    counsel.  The Assistant U.S. Attorney is present.)
9          THE CLERK:  U.S. District Court for the District of
10   Massachusetts is now in session, the Honorable David H.
11   Hennessy presiding.
12         Today is June 21, 2023.  We're on the record in the
13   matter of United States v. Jack Douglas Teixeira, it's docket
14   23cr10159.
15         If counsel could please identify themselves for the
16   record.
17         MR. DOLAN:  Good afternoon, your Honor.  Jared Dolan
18   on behalf of the United States.
19         THE COURT:  Good afternoon, Mr. Dolan.
20         MR. KELLEY:  Good afternoon, your Honor.  Brendan
21   Kelley for Mr. Teixeira.
22         THE COURT:  Good afternoon, Mr. Kelley.
23         MR. BACHRACH:  Good afternoon, your Honor.  Michael
24   Bachrach for Mr. Teixeira.
25         THE COURT:  Mr. Bachrach, good afternoon.

1          MR. FRANCO:  And Allen Franco, also for Mr. Teixeira.

2          THE COURT:  And good afternoon, Mr. Franco.

3          Mr. Teixeira, will you stand, please.

4          You're here because a grand jury has returned an

5     indictment charging you with crimes in violation of federal

6     law.  That just means that evidence was presented to a grand

7     jury.  Based on that evidence, the grand jury made probable

8     cause findings.  "Probable cause" means that these crimes were

9     committed and that you participated in committing them.

04:20  10          This proceeding is known as an arraignment, which

11     means I'm going to have you enter a plea to each of the charges

12     in the indictment.

13          Before I do that, I'm going to describe the charges in

14     the indictment to you, the penalties that can be imposed if you

15     are found guilty of those charges.  I'll review with you your

16     right to remain silent, your right to counsel.  And then after

17     you enter a plea, I'm going to set dates for your case to

18     continue so that your lawyers can get information from the

19     government, what we call "discovery," and begin to prepare your

04:21  20     defense.  That's what we're going to do this afternoon.

21          You are charged in the indictment with six counts of

22     willful retention and transmission of national defense

23     information.  As I indicated, that's in violation of federal

24     law, and there's a forfeiture allegation.

25          Mr. Dolan, what are the penalties that Mr. Teixeira

1    faces if he's found guilty?

2         MR. DOLAN:  Your Honor, each count of the indictment

3    carries the following maximum penalties:  A term of

4    imprisonment of not more than 10 years; a fine of not more than

5    $250,000, or both fine and imprisonment; a three-year term of

6    supervised release; and a $100 special assessment.  There's

7    also a general forfeiture allegation in the indictment.

8         THE COURT:  Okay.  Mr. Teixeira, I just want to remind

9    you, you have a right under the Constitution of the United

04:22 10   States to remain silent.  Any statement by you can be used

11   against you in court.  You have a right not to have your own

12   words used against you.  You may consult with your lawyers

13   prior to questioning.  You may have your lawyers present for

14   questioning.

15        If you were to begin to make a statement or to answer

16   questions without the assistance of your lawyers, you could

17   stop mid sentence making a statement or answering questions.

18   You're not prohibited from doing any of those things, but you

19   need to remember that your own words can be used against you.

04:22 20        Finally, if I should ask you questions today or at a

21   future hearing or if another judge should ask you questions at

22   a future hearing and you think the answer to the question being

23   asked may incriminate you, in other words, get you in trouble

24   with the law criminally, you would have the right not to

25   answer.

1           Do you understand your right to remain silent?

2           THE DEFENDANT:  Yes, your Honor.

3           THE COURT:  Okay.  I have appointed counsel to

4      represent you, and I have added to that Mr. Bachrach, who is

5      sitting to your right.  Mr. Bachrach has clearance to review

6      certain documents that the government is likely to be producing

7      in discovery here.  So you don't need to do anything.  That

8      representation is going to continue, but I do want you to know

9      that the fact that I made a determination that you qualify for

04:23 10   appointment of counsel, that appointment of counsel to

11     represent you doesn't mean you can't go out and hire your own

12     lawyer and pay your own lawyer if you want to do that.

13          Do you understand?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Okay.  All right.  Let me turn, then, to

16     the arraignment on the indictment.

17          Mr. Teixeira, for purposes of entering a plea today,

18     have you had an opportunity to review the indictment with your

19     lawyers?

04:23 20        THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  Mr. Kelley, do you waive a formal reading

22     of the indictment?

23          MR. KELLEY:  We do, your Honor.

24          THE COURT:  And is the defendant prepared to enter a

25     plea?

1       MR. KELLEY:  He is.

2       THE COURT:  Jack Douglas Teixeira, as to Count One of

3 the indictment charging that in or about November of 2022

4 through April of 2023, you willfully retained and transmitted

5 certain national defense information regarding the compromise

6 by a foreign adversary of certain accounts belonging to a U.S.

7 company, as to that count, how do you plead, guilty or not

8 guilty?

9       THE DEFENDANT:  Not guilty, your Honor.

04:24 10       THE COURT:  As to Count Two, charging willful

11 retention and transmission of national defense information

12 during the time January of 2023 to April 2023, regarding

13 information regarding the provision of equipment to Ukraine,

14 how the equipment would be transferred, and how it would be

15 used upon receipt, as to that charge, how do you plead, guilty

16 or not guilty?

17       THE DEFENDANT:  Not guilty, your Honor.

18       THE COURT:  As to Count Three charging willful

19 retention and -- retention and transmission of national defense

04:25 20 information in the time period of February of 2023 to April of

21 2023, the information being a government document that

22 describes the status of the Russia-Ukraine conflict to include

23 troop movements on a particular date, which government document

24 is based on sensitive U.S. intelligence, gathered through

25 classified sources and methods and reveals United States

national defense information, as to that count, Count Three,
how do you plead, guilty or not guilty?

THE DEFENDANT:  Not guilty, your Honor.

THE COURT:  As to Count Four, charging willful
retention and transmission of national defense information
during the time period March of 2023 to April of 2023, the
information being a government document discussing a plot by a
foreign adversary to target United States forces abroad and
which discusses, in part, where and how the attack on United
States forces would occur, as to that count, Count Four, how do
you plead, guilty or not guilty?

THE DEFENDANT:  Not guilty, your Honor.

THE COURT:  As to Count Five, charging willful
retention and transmission of national defense information
during the time period of March of 2023 to April of 2023, the
information being a government document that describes Western
deliveries of supplies to the Ukranian battlefield, including
foreign perceptions of the deliveries, as to that count, Count
Five, how do you plead, guilty or not guilty?

THE DEFENDANT:  Not guilty, your Honor.

THE COURT:  And finally, as to Count Six of the
document, charging the willful retention and transmission of
national defense information during the time period January of
2023 to April of 2023, the information being a government
document that describes a shift in foreign and economic policy

1   of a particular foreign government and actions that country

2   took in an effort to repair its relationship with the United

3   States, to the perceived detriment of a separate foreign

4   country, as to that count, Count Six, how do you plead, guilty

5   or not guilty?

6           THE DEFENDANT:  Not guilty, your Honor.

7           THE COURT:  Thank you.  You can be seated.

8           Mr. Kelley and Mr. Franco, have you gotten security

9   clearance yet to review documents?

04:31 10           MR. KELLEY:  We have not, your Honor.  Our

11   understanding is it's being expedited, but we don't have it

12   yet.

13           THE COURT:  And, Mr. Bachrach, I'm correct that you

14   have that clearance; is that correct?

15           MR. BACHRACH:  That is correct, yes.

16           THE COURT:  And, Mr. Bachrach, where are your offices

17   located?  Are you in Manhattan?

18           MR. BACHRACH:  I'm in midtown Manhattan, yes.

19           THE COURT:  Thank you.

04:32 20           So, Mr. Dolan, ordinarily I would ask you for a date.

21   How will discovery work in this case?  I take it there's

22   sensitive information and then nonsensitive information that's

23   going to be produced.

24           MR. DOLAN:  There is, your Honor.  So as to discovery

25   that is not classified, we anticipate producing that within 28

1    days.  That will not require any special procedures for that

2    material.  There is a significant portion of that, so it will

3    be keep counsel busy while they get their clearances.

4         For classified discovery, the government anticipates

5    filing, with the assent of the defendant, a motion in the

6    coming days under the Classified Information Procedures Act,

7    and that will start that process and get to the point where we

8    can set deadlines for that production.

9         THE COURT:  Okay.  And will that review have to take

04:32 10   place in a SCIF?

11        MR. DOLAN:  It will.

12        THE COURT:  And given, at least for now, that

13   Mr. Bachrach is in Manhattan, is there a SCIF in Southern

14   District or Eastern District of New York that he can use?

15        MR. BACHRACH:  Your Honor, if I may address this.

16        THE COURT:  Yes.

17        MR. BACHRACH:  There are SCIFs in those locations,

18   but, as is the custom, I'm actually going to be required to use

19   the SCIF here.

04:33 20        THE COURT:  Okay.  That takes care of that.

21        All right.  So 28 days at least for the non-classified

22   information, and then I can wait to hear from you on the -- on

23   how we're going to do the classified information.

24        So that takes us to July 19th for the automatic

25   non-classified discovery.

1    I realize that the classified information may move a

2 little bit more slowly, but let's go ahead and set an initial

3 status conference for Wednesday, August 9.

4    Dawn, 9:30 okay?

5    At 9:30 a.m.  That will be just to review the matters

6 in Local Rule 116.5(a) and excludable time.

7    Mr. Bachrach, I do these initial status conferences by

8 phone, but if I receive from both sides a joint memo that

9 addresses the local rule and excludable time, I'm fine

04:35 10 cancelling that, and we can just work with that.

11    MR. BACHRACH:  Thank you, your Honor.

12    THE COURT:  Mr. Kelley, any objection if I exclude the

13 time from today through August 9 so the government can begin

14 their production of discovery and the defense can begin their

15 review of it?

16    MR. KELLEY:  No objection, your Honor.

17    THE COURT:  Okay.  I'll enter that order as well.

18    That's all I have.

19    Mr. Dolan, anything you're aware of I need to raise?

04:35 20    MR. DOLAN:  No, your Honor.  Thank you.

21    THE COURT:  Mr. Kelley, anything?

22    MR. KELLEY:  Judge, given the indictment, I'd be

23 remiss if I didn't ask the Court to reconsider the detention

24 issue.  We don't have an initial argument, but I would move

25 orally for the Court to reconsider that.

1        THE COURT:  Okay.  And I'm going to deny it.  If

2    anything, the indictment is simply -- it's proof -- or evidence

3    that a grand jury has made probable cause findings, as I

4    indicated.  So based on the fact that there is now an

5    indictment, it means that the criminal process is going to

6    begin.

7        I find largely for the reasons that I stated in my

8    written order, as well as the oral order that I issued from the

9    bench, that there's not been a change in conditions that would

04:36 10    support amending that order.  So I'm going to deny that motion.

11        Okay.  If there's nothing else, we're in recess.

12    Thank you, everyone.

13        THE CLERK:  Court stands in recess.

14        (Court adjourned at 3:58 p.m.)

15                - - - - - - - - - - - -

16                    CERTIFICATION

17        I certify that the foregoing is a correct transcript

18    of the record of proceedings in the above-entitled matter to

19    the best of my skill and ability.

20

21

22

23    /s/Debra M. Joyce_____        August 23, 2023_____
     Debra M. Joyce, RMR, CRR, FCRR        Date
24    Official Court Reporter

25