UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

JACK DOUGLAS TEIXEIRA,

Defendant

Criminal No. 23-10159-IT

**ORDER ON JOINT MOTION TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME**

February 16, 2024

Hennessy, M.J.

In this case, Defendant is charged in an indictment with six counts of Willful Retention and Transmission of National Defense Information, in violation of 18 U.S.C. § 793(e). Defendant was arraigned in person on June 21, 2023. I scheduled a final status conference for Tuesday, February 20, 2024. However, prior to that date, the parties filed a joint status report and motion to continue the status conference for 30 days and to exclude the continuance. As grounds, the parties report that United States is producing additional classified and non-classified discovery which Defendant needs time to review in order to assess the need for discovery requests, substantive motions, and certain trial defenses.

The motion to continue the final status conference is allowed. The final status conference shall be held on Wednesday, March 20, 2024 at 9:30 a.m. in Courtroom #16, Fifth Floor, Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts. If the parties file a joint

memorandum that addresses Local Rule 116.5(c) which obviates the need for the status conference, the Court will waive the status conference. In that vein, if before the status conference, the case can be transferred to the District Judge, the parties are invited to submit a joint memorandum and motion for transfer.

The motion to exclude the continuance from the time in which trial of the above-captioned case shall begin is also granted. Accordingly, I hereby ORDER the exclusion of time pursuant to the below-referenced provision of the Speedy Trial Act from Tuesday, February 20, 2024 (the original date of the Final Status Conference), through Wednesday, March 20, 2024 (the date of the Final Status Conference). I exclude this time pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A) because I find that the ends of justice served by taking such action outweigh the best interest of the public and Defendant in a speedy trial. Specifically, in accordance with Local Rule 112.2(c) of the Local Rules of the United States District Court for the District of Massachusetts (2023), I find that the United States will need this continuance to complete production of discovery and Defendant will need this continuance to review discovery and consider the need for discovery requests, pretrial motions, and defenses at trial. I further find that

to not grant such a continuance would deny both the United States and Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[1]

/ s / David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140 (1985).